PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:20CV2084 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| $774,830.00 IN U.S. CURRENCY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant, | ) | [Resolving ECF Nos. 23, 25, 39] |
| | ) | |
| ALEXANDRE P. HAUSSMANN, | ) | |
| | ) | |
| Claimant. | ) | |

Pending before the Court is the Government's Motion for Summary Judgment. ECF No. 39. Claimant filed a response in opposition (ECF No. 45) and the Government filed a reply in support of its position (ECF No. 46). The parties have not filed a joint written stipulation stating uncontested facts or a joint notice stating that there are no uncontested facts. This runs afoul of the Court's Case Management Conference Plan/Order. ECF No. 20 at PageID #: 92.[1] The Court

---

[1] "The trial court is not required to search the entire record to establish that a genuine issue of material fact exists." *Malee v. Anthony & Frank Ditomaso, Inc.*, No. 1:16CV490, 2018 WL 1805402, at *2 (N.D. Ohio Apr. 16, 2018) (citing *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)) (abrogated on other grounds). "'[I]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c),' the court may determine that fact is undisputed." *Malee,* No. 1:16CV490, 2018 WL 1805402, at *2 (quoting Fed. R. Civ. Pro. 56(e)(2)).

(4:20CV2084)

has reviewed the filings, exhibits, and applicable law. For the reasons stated below, the Government's motion is granted.

## I. Background

This civil forfeiture action involves one Defendant property: $774,830.00 in U.S. Currency seized by law enforcement officers on April 21, 2020. *See* ECF No. 1. Claimant filed a Verified Claim for the Defendant property, specifically stating a claim of "ownership and possessory interest in, and right to exercise dominion and control over, all of Defendant property." ECF No. 8 at PageID #: 32. Claimant provided very limited responses to the allegations in the Complaint (ECF No. 1), including a conclusory admission that he was in possession of the Defendant currency prior to it being seized. ECF No. 12 at PageID #: 46.

During discovery, Claimant has consistently refused to provide substantive responses to the Government's inquiries regarding topics such as (1) how Claimant's ownership and possessory interest in the Defendant property arose, and (2) the name and contact information for individuals who have knowledge of, or information pertaining to, Claimant's purported ownership and possessory interest of the Defendant property.[2] Claimant has consistently objected to various interrogatories and requests for production of documents on the grounds that they (1) exceed the permissible scope of discovery under applicable procedural rules,[3] and/or (2)

---

[2] Claimant states he "has consistently represented to the Government that, on advice of counsel, he has refused, and will continue to refuse to answer any question posed by the Government regarding any evidence obtained by the government." ECF No. 45 at PageID #: 463.

[3] Civil in rem forfeiture actions, such as the instant matter before the Court, are governed by the Federal Rules of Civil Procedure's Supplemental Rules for Certain Admiralty or Maritime Claims. *See* 18 U.S.C. §§ 983(a)(4)(A) – (B);

(4:20CV2084)

violate his Fourth Amendment rights.  ECF No. 39 at PageID #: 242 – 244, 246 – 248.  Similarly, questions related to Claimant's ownership of the Defendant property raised during Claimant's deposition were consistently objected to, under Fourth Amendment grounds.  ECF No. 44-1 at PageID #: 433 – 434, 436 – 442, 446 – 448, 450 – 452.

The Government moves for summary judgment because Claimant "has failed to meet his burden of establishing standing at the summary judgment stage."  ECF No. 39 at PageID #: 241.  In response, Claimant opposes summary judgment because it is a "grandstanding effort by the government to poison this Court against [Claimant]" and "circumvent the Fourth Amendment."  ECF No. 45 at PageID #: 463.

## II.  Discussion

### A.  Summary Judgment Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  Scola v. Publix Supermarkets, Inc., 557 F. App'x 458, 462 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  The fact under dispute must be "material," and the dispute itself must be "genuine."  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  Scott v. Harris, 550 U.S. 372, 380 (2007).  In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict.  Id.  ("[Summary judgment] will not lie . . . if the evidence is such that a

---

$39,000.00 in U.S. Currency, No. 1:18 CV 1753, 2019 WL 2395611, at *2 (N.D. Ohio June 6, 2019).

3

(4:20CV2084)

reasonable jury could return a verdict for the nonmoving party."). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of an essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To survive summary judgment, the non-moving party "must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved" by a factfinder. *KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir. 2019) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party." *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017).

(4:20CV2084)

### B. Standing

As a threshold matter, standing must be established and maintained at all stages of federal litigation. "For Article III standing in civil forfeiture cases, 'a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property.'" United States v. $99,500.00 U.S. Currency Seized on Mar. 20, 2016, 699 F. App'x 542, 543 (6th Cir. 2017) (quoting United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 497 (6th Cir. 1998)). At the summary-judgment stage, a claimant must "present 'some evidence of ownership' beyond the mere assertion of an ownership interest in the property." $99,500.00 U.S. Currency Seized on Mar. 20, 2016, 795 F. App'x at 337 (quoting United States v. $31,000 in U.S. Currency, No. 1:16 CV 1581, 2018 WL 2336814, at *4–5, (N.D. Ohio May 23, 2018)).

In this case, summary judgment in favor of the Government is appropriate because Claimant has only declared an ownership and possessory interest in Defendant property through his Verified Claim. Apart from these untested declarations, Claimant has not provided any additional facts to support his claim to the property. During the discovery phase, Claimant invoked constitutional protections under the Fourth Amendment to avoid providing additional information regarding an ownership and possessory interest in the Defendant property. In fact, Claimant maintains that he does not intend to offer any further explanation regarding his relationship with the Defendant property. Invoking constitutional privileges can not be used as "a sword ... to make one's assertions of ownership impervious to attack." United States v. $39,000.00 in U.S. Currency, 951 F.3d 740, 742 (6th Cir. 2020) (quoting United States v. $31,000.00 in U.S. Currency, 774 F. App'x 288, 292 (6th Cir. 2019)). Claimant's opposition to summary judgment (ECF No. 45) is premised entirely on Fourth Amendment protections.

(4:20CV2084)

Claimant's opposition strategy does not allay his burden to provide responses to the Government that would provide additional context or information about his relationship with the Defendant property. Importantly, Claimant's tactic does not create a genuine dispute of material fact.

While sufficient at the pleading stage, Claimant's naked assertions of an ownership and possessory interest, together with his refusal to bring forth supporting facts, have repeatedly been held to be insufficient at the summary judgment stage of civil forfeiture proceedings. *See, e.g.,* *$99,500.00 U.S. Currency Seized on Mar. 20, 2016*, 795 F. App'x at 337 (affirming district court grant of summary judgment and striking of claimant's verified claim and answer because "[w]ith only an unexplained claim of possession, [Claimant] could not meet his burden of establishing standing at the summary judgment stage"); *United States v. $46,340.00 in U.S. Currency*, 791 F. App'x 596, 597 (6th Cir. 2020) (ruling that the "government was therefore entitled to summary judgment on the basis of lack of standing" because claimant "filed a verified claim attesting to his ownership of the [seized U.S. currency], but refused to answer the government's discovery requests"); *$31,000.00 in U.S. Currency*, 774 F. App'x at 292 (quoting *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998)) (granting summary judgment in favor of government because claimants "needed to provide at least 'some explanation or contextual information regarding [their] relationship to the seized' money beyond possession"); *United States v. $68,812.00 in U.S. Currency*, 831 F. App'x 205, 206 (6th Cir. 2020) (affirming district court grant of summary judgment against claimant who "asserted in her verified claim that she was 'the sole owner of these monies'" which "were in [her] possession" because claimant refused to provide additional information and "facts showing a colorable interest in the money"). Claimant has left the Court with "nothing more than a 'record devoid of any [evidence

6

(4:20CV2084)

proving a] claim of ownership to the seized currency[.]'" *$39,000.00 in U.S. Currency*, 951 F.3d at 742 (quoting *$99,500.00 U.S. Currency Seized on Mar. 20, 2016*, 795 F. App'x at 337). Accordingly, because Claimant is unable to establish standing in this forfeiture action, summary judgment in favor of the Government is appropriate.

### III. Conclusion

For the foregoing reasons, the Court grants the Government's Motion for Summary Judgment (ECF No. 39) in its entirety. A separate judgment entry will issue. Because the Court has concluded that Claimant lacks standing, the pending Motion to Suppress (ECF Nos. 23, 25)[4] is denied as moot. *See $31,000.00 in U.S. Currency*, 774 F. App'x at 292.

IT IS SO ORDERED.

| March 14, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] ECF No. 23 is Claimant's initial Motion to Suppress and ECF No. 25 is Claimant's Amended Motion to Suppress.